IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| United States of America, | Criminal No. 0:16-cr-751-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Tommie Lee Causey, Jr.,<br>                  Defendant. | |

This matter is before the court on Defendant's motion for relief under 28 U.S.C. § 2255. ECF No. 68. Defendant argues (1) the district court erred by failing to grant him a three-level reduction for acceptance of responsibility, (2) counsel was ineffective for failing to object to this error by the court, (3) the district court erred in sentencing petitioner above his guideline range and did not fully explain the sentence, and (4) his counsel was ineffective failing to object to the court's sentence. *Id.* The Government filed a response in opposition and motion for summary judgment, arguing grounds 1 and 3 are barred by the appellate waiver, and all grounds are not supported by the record. ECF Nos. 72, 73. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 74. Defendant filed his reply, contending he "pleaded guilty based on counsel's incorrect advice." and "was tricked into pleading guilty and giving up his rights to appeal the entire plea agreement." ECF No. 76. He also asserts counsel "failed to appeal conviction or help with the appeal." *Id.* at 4. For the reasons below, the Government's motion for summary judgment is granted and Defendant's § 2255 motion is dismissed with prejudice.[1]

---

[1] Defendant also filed a *pro se* motion for free copies. ECF No. 67. As his § 2255 motion is dismissed, this motion is moot.

## BACKGROUND

On March 14, 2017, an Information was filed, charging Defendant with possessing a stolen firearm in violation of 18 U.S.C. § 922(j). ECF No. 41. Defendant entered into a plea agreement to plead guilty to the Information. ECF No. 43. The Government and Defendant agreed in the plea agreement the appropriate disposition of this case was a sentence of not less than 100 months, and that the stipulation was not binding on the Probation Officer or the court. *Id.* at ¶ 5. The agreement also notes Defendant and his attorney had discussed his rights fully, including those related to going to trial, and Defendant "entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person." *Id.* at ¶ 9. Further, Defendant waived his right to file an appeal or post-conviction action, including a motion under § 2255 (except for claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law affecting Defendant's sentence), in exchange for concessions made by the Government in the plea agreement. *Id.* at ¶ 10. The court explained these provisions to Defendant at the Change of Plea hearing, and Defendant agreed with each one under oath. ECF No. 56. The court then accepted Defendant's guilty plea. ECF No. 53.

The Presentence Report ("PSR") determined Defendant's base offense level to be 24, based on committing the offense after sustaining at least two felony offenses of a crime of violence or controlled substance offense, with 6 points added for special offense characteristics (stolen firearm and possessing firearm in connection with another felony offense) for a total of 30. ECF No. 52

at ¶¶ 57-59. After three levels off for acceptance of responsibility, Defendant's total offense level was 27, criminal history category V, with a guideline range of 120 months (the statutory maximum: absent the maximum penalty authorized by statute, the guideline range would have been 120-150 months). *Id.* at ¶¶ 66-28, 85. Defendant raised an objection to the base offense level, which was sustained by the court at sentencing. ECF No. 61. His new base offense level was found to be 20, the total offense level 23, and Criminal History category IV, for an advisory guideline range of 70-87 months. *Id.* The Government filed a motion for an upward variance to 120 months, the statutory maximum, arguing Defendant would have qualified as an Armed Career Criminal subjecting him to a sentence of at least 180 months absent the plea to § 922(j). ECF No. 58. It further noted Defendant was told the Government could argue for a 120 month sentence based on the plea agreement, and Defendant's history and characteristics and nature and circumstances of the offense warrant a 120 month sentence. *Id.*

At sentencing, the court granted the Government's motion in part and sentenced Defendant to 110 months imprisonment and a three-year term of supervised release. ECF No. 60. Defendant did not appeal his conviction or sentence.

**STANDARD**

The standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that her counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency

3

resulted in actual prejudice to Defendant. *Id.* As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *see also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

Under the second prong of the *Strickland* test, Defendant must establish that he experienced prejudice as a result of counsel's ineffectiveness, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (internal quotation marks and citation omitted). A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

## DISCUSSION

Defendant advances four grounds for relief in his motion: two for ineffective assistance of counsel and two alleged errors of the court. ECF No. 68. As Defendant's allegations of ineffectiveness depend on the alleged errors of the court, the grounds contending the court made errors will be addressed first.

*1. Alleged Errors of the Court*

Defendant alleges the court erred by failing to grant a three level reduction for acceptance of responsibility and in sentencing Defendant above the advisory guidelines range without sufficiently explaining the sentence of 110 months.[2] *Id.* at 4, 6. The Government argues these issues are (1) barred by Defendant's written plea agreement, which contains an appellate and § 2255 waiver, and (2) are not supported by the record. ECF No. 72.

a. <u>Waiver</u>

The court agrees with the Government on both points. Defendant signed a plea agreement containing a waiver of his right to contest his conviction or sentence "in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." ECF No. 43 at ¶ 10. The court also specifically discussed the waiver at Defendant's Rule 11 hearing. ECF No. 56 at 19 ("Court: You're giving up that right in exchange for the agreement here, so you're waiving your right to appeal your conviction or your sentence or to file a PCR as you discussed a minute ago except with certain limited exceptions. Do you understand that? Defendant: Yes, ma'am."). Therefore, the court finds this waiver valid. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir.

---

[2] Defendant's reply does not address these arguments, but focuses on ineffective assistance of counsel. *See* ECF No. 76.

5

2016) ("A waiver must be knowing and voluntary. In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver.").

b. Record of the Case

*i.* Acceptance of Responsibility

In the alternative, the court agrees Defendant's arguments are foreclosed by the record. At sentencing, the court properly calculated the guideline range based on its rulings on Defendant's objections, which resulted in a "total offense level of 23 with a criminal history category of four, which provided for a guideline range of 70 to 87 months." ECF No. 71 at 2. This calculation and guideline range is also reflected in the Statement of Reasons. ECF No. 61 at 1 ("The Court sustained the defendant's objection, therefore, the Base Offense Level became 20 (Paragraph 57), the Adjusted Offense Level became 26 (Paragraph 64), and the Total Offense Level became 23 (Paragraph 68.) As such, based on a Total Offense Level of 23, and a Criminal History Category IV, the advisory guideline range became 70 to 87 months (Paragraph 85).").

It is clear based on the transcript and Statement of Reasons that Defendant was afforded the three-level reduction for acceptance of responsibility. In addition, the guideline range was exactly what Defendant argues it should be: 70-87 months. The Government filed a motion for an upward variance from the guideline range, based on the plea agreement, and argued for a 120 month sentence. This was partially granted and the court sentenced Defendant to 110 months

6

imprisonment.[3]  As the court granted Defendant a three-level reduction for acceptance of responsibility, summary judgment for the Government is appropriate and this ground is dismissed with prejudice.

### ii. Explanation of Variance from the Guideline Range

Defendant also argues the court "failed to explain its reasons or to note how it determined the upward variance.  The court did not clearly explain its reasons for imposing the 110 months." ECF No. 68 at 6.  Similar to the above, the court finds this argument contradicted by the record. First, Defendant agreed to a sentence of "at least 100 months" in his plea agreement, and specifically understood the stipulation was not binding on the court.  ECF No. 43 at ¶ 5.  He further stated, under oath, he understood the Government could argue for 120 months based on the agreement between the parties (ECF No. 56 at 22-23).  In fact, the court made sure Defendant wished to proceed with the plea after some initial confusion regarding what the Government could argue for (100 vs. 120 months).  *Id.* at 22-23 ("Court: [T]hey can't argue for more than 120 months, but they are not agreeing to argue . . . to the 100-month sentence even if you do comply with the plea agreement. . . . You still want to go forward with this?  Defendant: Yes, ma'am.").

The court fully explained its reasons for the sentence of 110 months: it was the "middle range between what [Defendant] agreed you would not argue below and the range the Government

---

[3] This will be further addressed below.

7

asks for as the upper end." ECF No. 71 at 13. The court further explained this sentence was appropriate due to the nature and circumstances of the offense; dismissed state charges based on the same conduct; Defendant's significant criminal history and continuation of involvement in criminal activity; the history and characteristics of the Defendant in his significant prior injuries, substance abuse history, high school diploma, and skills as a tattoo artist; the need for the sentence imposed to reflect seriousness of the offense, promote respect for the law, provide adequate deterrence, just punishment, to protect the public from further crimes, and provide Defendant with needed correctional treatment. *Id.* at 13-15. Finally, the court considered the Government's motion for variance up to 120 months, which was granted in part and denied in part. *Id.* at 15. The court, therefore, not only ensured Defendant understood the Government's variance motion, but also more than adequately explained the reasons for the sentence imposed.

The Government is entitled to summary judgment on these grounds and they are dismissed with prejudice.

### 2. *Ineffective Assistance of Counsel*

Defendant argues his counsel was ineffective in two ways: in failing to object to the court's alleged failure to grant Defendant acceptance of responsibility, and in failing to object to the court's "failure to note how it determined the upward variance and did not explain its sentence of 110 months when Petitioner signed his plea agreement for 100 months." ECF No. 68 at 5, 8. As fully explained above, the court did not err in either respect: Defendant was given three levels off

for acceptance, and the court fully explained its reasoning in giving Defendant a 110 month sentence. "Counsel is not ineffective for failing to make a meritless objection." *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008; *Wood v. Quarterman,* 503 F.3d 408, 413 (5th Cir. 2007). As both items Defendant claims were error were addressed by the court, counsel could not have been ineffective for failing to object.

In his reply, Defendant argues for the first time he was "tricked into pleading guilty and giving up his rights to appeal the entire plea agreement." ECF No. 76 at 3. He argues he could have proceeded to trial on the § 922(j) count and "retained his rights." *Id.* He contends "counsel's advice caused [him] to forfeit and waiving [*sic*] all of his rights to challenge issues in the plea agreement." *Id.* Finally, Defendant argues, again for the first time on reply, "counsel failed to appeal conviction or help with the appeal." *Id.* at 4.[4]

Defendant appears to misunderstand the impact of his plea agreement. If he proceeded to trial, he faced a charge of felon in possession, in violation of 18 U.S.C. § 922(g). *See* ECF No. 2; *see also* ECF No. 58 (Government's motion for variance, explaining "[i]n light of the fact that Causey faced ACCA penalties, the parties engaged in plea negotiations wherein the Government initially offered a plea to an Information charging possession of a stolen firearm."). Based on his criminal history, had Defendant proceeded to trial on the felon in possession charge and been found

---

[4] Defendant has not alleged he requested that counsel "appeal conviction or help with the appeal."

9

guilty, he likely would have faced a minimum penalty of 180 months as an Armed Career Criminal. Therefore, he received a substantial benefit from his counsel's negotiation, allowing him to plead guilty to a violation of § 922(j) instead of § 922(g).

Accordingly, the Government is entitled to summary judgment and Defendant's grounds alleging ineffective assistance of counsel are dismissed with prejudice.

## CONCLUSION

For the reasons above, summary judgment for the Government is appropriate on all grounds. Defendant's motion is dismissed with prejudice.

# CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 20, 2018